IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIE BAILEY,

    Petitioner,

v.                                                                        No. 1:16-cv-01173-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

___

ORDER HOLDING MATTER IN ABEYANCE
___

    Following his June 23, 2016 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 ("Petition"), (Docket Entry ("D.E.") 1), the Petitioner, Willie Bailey, filed an emergency motion on June 29, 2017, requesting an immediate ruling for relief following the Sixth Circuit Court of Appeals' recent decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017), (D.E. 8). On October 5, 2017, the United States Probation Office ("USPO") issued a memorandum addressing *Stitt* and other issues relating to Bailey's Petition, including whether his prior conviction for third-degree burglary under Tennessee law qualified as a violent felony for the purposes of the Armed Career Criminal Act ("ACCA") and whether he was entitled to relief. The Court then ordered the Petitioner on October 12, 2017, to submit his position in light of the USPO's memorandum. (D.E. 10.) Because Bailey maintained that he should be afforded relief under § 2255 on October 19, 2017, (D.E. 12), the Respondent, United States of America, filed a response opposing such relief on November 3, 2017, (D.E. 13).

    Federal district courts in Tennessee, including the Western District, have reached different conclusions on the issue of whether Tennessee third-degree burglary convictions qualify as ACCA predicates, and three cases are currently on appeal to the Sixth Circuit.

*Compare Cradler v. United States*, No. 2:14-cv-02339-JPM-dkv, D.E. 39 (W.D. Tenn. Dec. 29, 2016) (holding that Tennessee third-degree burglary convictions remain violent felonies under the ACCA), *appeal docketed*, No. 17-5046 (6th Cir. Jan. 18, 2017), *and Hill v. United States*, No. 4:16-cv-75-TRM, 2016 WL 6892764 (E.D. Tenn. Nov. 22, 2016) (same as *Cradler*), *appeal docketed*, No. 16-6764 (6th Cir. Dec. 7, 2016), *with Mitchell v. United States*, No. 2:17-cv-02341, 2017 WL 2861805 (W.D. Tenn. Jul. 5, 2017) (concluding that Tennessee third-degree burglary convictions are no longer violent felonies under the ACCA), *appeal docketed*, Nos. 17-5904, 17-5905 (6th Cir. Aug. 9, 2017). Considering these appeals—especially as *Cradler* has been fully briefed and currently awaits oral argument—it would seem that a clarifying opinion from the Sixth Circuit should be forthcoming within the next few months. Rather than adding more confusion to this split of authorities, this matter is HELD IN ABEYANCE pending a Sixth Circuit ruling on the ACCA's treatment of third-degree burglary under Tennessee law.

IT IS SO ORDERED this 16th day of November 2017.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE