IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

WILLIE BAILEY,

    Petitioner,

v.                                                                               No. 1:16-cv-01173-JDB-egb

UNITED STATES OF AMERICA,

    Respondent.

_____

ORDER GRANTING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE
UNDER 28 U.S.C. § 2255 AND
DIRECTING CLERK TO ENTER ORDER OF PRODUCTION AND
TO SET RESENTENCING HEARING
_____

Following his June 23, 2016 motion to vacate, set aside, or correct his sentence[1] pursuant to 28 U.S.C. § 2255 ("Petition"), (Docket Entry ("D.E.") 1), Petitioner, Willie Bailey, filed an emergency motion through counsel on June 29, 2017, requesting an immediate ruling following the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc), *cert. granted*, 138 S. Ct. 1592 (mem.) (2018) (No. 17-765), (D.E. 8).[2]

## I.     BACKGROUND AND PROCEDURAL HISTORY

On June 24, 2013, a federal grand jury charged Petitioner with three counts of being a felon in possession of ammunition in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and

---

[1] Bailey's civil docket lists the wrong corresponding criminal case. The correct underlying criminal docket is 1:13-cr-10061-JDB-1.

[2] All record citations are to documents filed in Case Number ("No.") 16-cv-01173, unless otherwise noted.

924(e)(1).³ (No. 13-cr-10061, D.E. 2; D.E. 1.) At a hearing on February 26, 2014, Bailey entered a guilty plea to all three counts. (*Id.*, D.E. 22.) There was no written plea agreement, (*id.*), although the United States later moved for the application of a three-point reduction for acceptance of responsibility in his total offense level under the United States Sentencing Guidelines ("Guidelines" or "U.S.S.G.").⁴ (No. 13-cr-10061, D.E. 24.)

In April 2014, the United States Probation Office ("USPO") submitted the Presentence Report ("PSR") to the parties, setting forth the calculation of Defendant's Guidelines sentencing range. The PSR assigned a base offense level of 24, *see* U.S.S.G. § 2K2.1(a)(2), which was enhanced to 33 due to his status as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), *see* U.S.S.G. § 4B1.4(b)(3)(B). (PSR ¶¶ 15, 21.) There were six predicate convictions for the enhancement: (1)-(2) Tennessee state convictions for third-degree burglary in 1987 and 1989, (*id.* ¶¶ 27, 29); (3) a Tennessee conviction for attempted burglary, (*id.* ¶ 31); (4) a Tennessee conviction for aggravated burglary, (*id.* ¶ 35); (5) a Tennessee conviction for robbery, (*id.* ¶ 36); and (6) a Tennessee conviction for aggravated robbery, (*id.* ¶ 37). After applying the three-point reduction, Bailey's adjusted offense level was 30. "Based upon a total offense level of 30 and a criminal history category of VI, the [G]uideline[s] imprisonment range" was calculated to be 168 to 210 months. (PSR ¶ 60 (emphasis omitted).) However, because "the statutorily authorized minimum sentences [were]

---

³"Count I charged Bailey with possession of ammunition for a .30-30 rifle. Count II charged Bailey with possession of ammunition for a .20 gauge shotgun, and Count III charged Bailey with possession of ammunition for a .12 gauge shotgun." *United States v. Bailey*, 634 F. App'x 473, 474 (6th Cir. 2015).

⁴Except where noted, all references to the Guidelines are to the 2013 Guidelines. United States Sentencing Commission, *Guidelines Manual* (Nov. 2013); (*see* No. 13-cr-10061, D.E. 90 at PageID 104.)

greater than the minimum of the applicable [G]uideline[s] range . . . the [G]uideline[s] range [was] 180 months to 210 months."[5] (*Id.* (emphasis omitted).)

The Government submitted its position with respect to the sentencing factors on April 29, 2014, indicating that it did not object to any part of the PSR. (No. 13-cr-10061, D.E. 25.) On June 10, 2014, Bailey filed his objections to the PSR, contending, among other things, that five of his six prior convictions (excluding robbery) identified as ACCA predicates were not violent felonies under the statute. (*Id.*, D.E. 28 at PageID 32-37.)

The sentencing hearing was held on December 5, 2014. (*Id.*, D.E. 40.) The Court "found that all six of Bailey's prior convictions, flagged by the PSR, qualified as violent felonies for purposes of the ACCA." *Bailey*, 634 F. App'x at 477; (*see* No. 13-cr-10061, D.E. 46 at PageID 89-99; PSR ¶¶ 27, 29, 31, 35-37.) In overruling Bailey's "objection that his 1987 and 1989 convictions under Tennessee's third-degree burglary statute could not be predicate offenses for purposes of the ACCA following the Supreme Court's decision in *Descamps* [*v. United States*, 570 U.S. 254 (2013)]," the Court "f[ound] itself bound by [the Sixth Circuit]'s prior decision in *United States v. Caruthers*, 458 F.3d 459, 473-76 (6th Cir. 2006)" (concluding that Tennessee third-degree burglary is a violent felony under the ACCA. *Bailey*, 634 F. App'x at 474; (No. 13-cr-10061, D.E. 46 at PageID 91-97; PSR ¶¶ 27, 29.) "Because the district court found that Bailey qualified as an armed career criminal, 18 U.S.C. § 924(e)(1) required the [C]ourt to impose a sentence of at least 180 months." *Bailey*, 634 F. App'x at 475; (*see* No. 13-cr-10061, D.E. 46 at PageID 104.) The Court sentenced Petitioner to the statutory minimum and three years of supervised release. *Bailey*, 634 F. App'x at 475; (No. 13-cr-10061, D.E. 46 at PageID 108; No. 13-cr-10061, D.E. 40.)

---

[5] "Because [Bailey] qualifie[d] under the [ACCA], he face[d] a mandatory minimum of 180 months." (PSR, Sentencing Recommendation at p. 2.)

Bailey appealed his sentence, "argu[ing] that two of his convictions cannot qualify as violent felonies and that the residual clause of the ACCA is unconstitutionally vague." *Bailey*, 634 F. App'x at 473. The Sixth Circuit affirmed, finding that the inmate's aggravated burglary, robbery, and aggravated robbery convictions qualified as predicate offenses under the ACCA. *Id.* at 476-77. The Circuit declined to "consider Bailey's alternative arguments about whether his other convictions qualify as violent felonies," as it determined that this Court "correctly found that three of Bailey's prior convictions constitute violent felonies." *Id.* at 477. The inmate filed a petition for writ of certiorari, which was denied. *Bailey v. United States*, 136 S. Ct. 846 (mem.) (2016).

On June 23, 2016, Bailey filed his § 2255 Petition, requesting relief under *Johnson v. United States*, 135 S. Ct. 2551 (2015). (D.E. 1.) On June 29, 2017, Petitioner sought a ruling on his Petition after the Sixth Circuit's decision in *United States v. Stitt*, 860 F.3d 854 (6th Cir. 2017) (en banc) (holding that Tennessee aggravated burglary was no longer a violent felony under the ACCA), *cert. granted*, 138 S. Ct. 1592 (mem.) (2018) (No. 17-765).

The USPO issued a memorandum on October 5, 2017, addressing relevant ACCA cases pertaining to Bailey's armed career criminal status, including *Stitt*, and other issues set forth in the Petition. The memorandum indicated that the inmate's robbery and aggravated robbery convictions constituted violent felonies—which Petitioner conceded, (D.E. 12 at PageID 65–66)—and, conversely, that attempted burglary and aggravated burglary convictions did not—which the Government conceded, (D.E. 13 at PageID 87). Thus, as the memorandum correctly recognized, the remaining question was whether Bailey's 1987 and 1989 third-degree burglary convictions constituted violent felonies. (*See* PSR ¶¶ 27, 29.) The memorandum suggested,

based on the law at the time it was written, that Bailey's prior convictions for third-degree burglary under Tenn. Code Ann. § 39-3-404 qualified as violent felonies under the ACCA.

On October 12, 2017, the Court directed Petitioner to submit his written position in light of the USPO's memorandum. (D.E. 10.) In his October 19, 2017 filing, counsel for Bailey maintained that his client should be afforded relief under § 2255, (D.E. 12), while the Government responded in opposition, (D.E. 13).

The Court held this matter in abeyance in November 2017 pending a decision from the Sixth Circuit regarding whether Tennessee third-degree burglary qualified as a violent felony under the ACCA, as several cases then on appeal hinged on that issue. *See Mitchell v. United States*, No. 2:17-cv-02341, 2017 WL 2861805 (W.D. Tenn. Jul. 5, 2017), *appeal docketed*, No. 17-5904 (6th Cir. Aug. 9, 2017); *Cradler v. United States*, No. 2:14-cv-02339-JPM-dkv, D.E. 39 (W.D. Tenn. Dec. 29, 2016), *rev'd and remanded*, 891 F.3d 659 (6th Cir. 2018); *Hill v. United States*, No. 4:16-cv-75-TRM, 2016 WL 6892764 (E.D. Tenn. Nov. 22, 2016), *appeal remanded*, No. 16-6764 (6th Cir. Jun. 8, 2018) (remanding in light of *Cradler*).

On June 5, 2018, the Sixth Circuit issued its opinion in *Cradler v. United States*, holding that a 1978 conviction under Tennessee's 1973 third-degree burglary statute did not qualify as a violent felony under the ACCA. 891 F.3d 659. This Court then held a status conference on July 12, 2018. (D.E. 16.)

At the conference, Respondent argued that *Cradler* did not apply to the present matter because it pertained only to the 1973 version of Tennessee's third-degree burglary statute, while Bailey's two third-degree burglary convictions occurred in 1987 and 1989. However, at the hearing, the Government had not yet located the text of the version of the statute that applied to Bailey's two prior convictions. Counsel for Petitioner disagreed with Respondent and

5

emphasized the portion of its October 19, 2017 filing discussing *Walker v. United States*, No. 14-cv-02021, 2017 U.S. Dist. LEXIS 104358 (W.D. Tenn. Apr. 20, 2017), which "analyze[ed] a 1986 third-degree burglary conviction under the more recent pre-1989 burglary statute, Tenn. Code Ann. § 39-3-404(a), (b)." (D.E. 12 at PageID 74.) The Court granted the parties additional time to file supplemental briefing pertaining to the applicability of *Cradler* to Bailey's 1987 and 1989 Tennessee third-degree burglary convictions.

On August 24, 2018, the Government submitted its position to the Court, acknowledging that Bailey is entitled to resentencing pursuant to current Sixth Circuit case law. (D.E. 18 at Page ID 131–32.) Namely, Respondent conceded that "four of Bailey's six ACCA predicates no longer qualify as violent felonies: his attempted burglary conviction (under *Johnson*), his [two] third-degree burglary convictions (under *Cradler*), and his aggravated burglary conviction (under *Stitt*)."[6] (*Id.* at Page ID 131.) The Government has further submitted that Petitioner's Guidelines range absent the ACCA enhancement would be 77 to 96 months, per the Probation Office's October 5, 2017 memo. (*Id.* at PageID 132 (citing D.E. 13-1 at PageID 112–16.))

## II. LEGAL STANDARDS

A prisoner seeking to vacate his sentence under § 2255 "must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 391, 496–97 (6th Cir. 2003)).

Under the ACCA, a person who is convicted of being a felon in possession of a firearm and who has "three previous convictions . . . for a violent felony or a serious drug offense . . .

---

[6] The Government has taken the position that the Sixth Circuit wrongly decided *Stitt*, but is awaiting the Supreme Court's decision in that case to assert that argument.

committed on occasions different from one another . . . shall be . . . imprisoned not less than fifteen years." 18 U.S.C. § 924(e)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that: (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another"; (2) "is burglary, arson, or extortion, [or] involves use of explosives"; or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B).

### III.   DISCUSSION

*A.  History of Tennessee's Third-Degree Burglary Statute*

The same version of Tennessee's third-degree burglary statute applied to Bailey's 1987 and 1989 convictions.[7] "Tennessee revised its burglary statutes on November 1, 1989, as part of the State's comprehensive criminal code revision." *Norwood v. United States*, Nos. 3:04-CR-141-TAV-HBG-1, 3:16-cv-601-TAV, 2016 WL 6892748, at *2 n.1 (E.D. Tenn. Nov. 22, 2016); *see Caruthers*, 458 F.3d at 474 (6th Cir. 2006) (explaining that a new Tennessee burglary statute went into effect on November 1, 1989). The inmate's first Tennessee third-degree burglary conviction arose from his offense conduct on June 28, 1987, (D.E. 13-1 at PageID 92, 96; PSR ¶ 27), while his second resulted from his conduct on February 21, 1989, (D.E. 13-1 at PageID 106, 109; PSR ¶ 29), both occurring before the 1989 revision. The third-degree burglary statute that was in effect before November 1, 1989 was enacted in 1982.[8] *See United States v. Anderson*, 72

---

[7]In the *Shepard* documents provided by Respondent, there are only references to Tennessee third-degree burglary, and no statutes are presented. (D.E. 13-1.)

[8]"The pre-1989 version of the Tennessee Code criminalized six types of burglary offenses: (1) first-degree burglary, Tenn. Code Ann. § 39-3-401 (1982); (2) breaking after entry, Tenn. Code Ann. § 39-3-402 (1982); (3) second-degree burglary, Tenn. Code Ann. § 39-3-403 (1982); *(4) third-degree burglary, Tenn. Code Ann. § 39-3-404(a)(1) (1982);* (5) safecracking, Tenn. Code Ann. § 39-3-404(b)(1) (1982); and (6) breaking into vehicles, Tenn. Code Ann. § 39-3-406 (1982)." *Lowe v. United States*, Nos. 3:05-CR-22-TAV-CCS-1, 3:16-CV-714-TAV, 2017

F.3d 130 (Table) (6th Cir. 1995) (citing "Tenn. Code. Ann. § 39-3-404 (1982) (repealed 1989)"). Thus, the same statute was in effect at the time of Petitioner's two third-degree burglary acts. While Bailey was sentenced under the 1982 version for both offenses, the *Cradler* decision concerns the 1973 enactment. *See Cradler*, 891 F.3d at 668.

### B. Text of Tennessee's Pre-1989 Third-Degree Burglary Statute

At the status conference, the Government indicated that it had been unable to locate the text of the Tennessee third-degree burglary statute under which Bailey had previously been convicted. Comparing the similar text of the 1973 and pre-1989 versions of the Tennessee third-degree burglary statute, *Cradler*'s holding also would apply to the pre-1989 version under which Bailey was twice convicted.

*Cradler* determined that because the first paragraph of Tenn. Code Ann. § 39-904 (1973) "criminalizes more conduct than generic burglary and, consequently, does not qualify as the enumerated offense of 'burglary[,]' . . . it is not a violent felony for ACCA purposes." *Cradler*, 891 F.3d at 671. "[T]he Tennessee statute under which Cradler was convicted," the first paragraph of "Tennessee Code Annotated § 39-904[,] . . . reads as follows:

> **39-904. Burglary in third degree—Safe cracking—Penalty.**—<u>Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony.</u> Every person convicted of this crime shall be imprisoned in the penitentiary for not less than three (3) years nor more than ten (10) years. . . .

*Cradler*, 891 F.3d at 668 (bolded in original) (underlining added) (citing "Tenn. Code Ann. § 39-904 (1973) (amended and renumbered)").

---

WL 1366916, at *2 n.2 (E.D. Tenn. Apr. 12, 2017) (emphasis added) ("Tennessee law now prohibits only three types of burglary: (1) burglary, Tenn. Code Ann. § 39-14-402 (2016); (2) aggravated burglary, Tenn. Code Ann. § 39-14-403 (2016); and (3) especially aggravated burglary, Tenn. Code Ann. § 39-14-404 (2016).").

Petitioner argued in his October 19, 2017 filing that although the statute at issue in *Cradler*, § 39-904, "was later restyled to pre-1989 subsections under Tenn. Code Ann § 39-3-404(a) and (b) respectively," which is the version of the statute under which Bailey was convicted, "the offense conduct language remained the same." (D.E. 12 at PageID 69–70 n.2 (citation omitted) (explaining that the "only difference" between the pre-1989 statute and the earlier version in *Cradler* "was that, in the older statute, there was no division into subsections (a) and (b), the statute simply contained two paragraphs"); *see* D.E. 12 at PageID 74 (insisting that the pre-1989 third-degree burglary statute, "Tenn. Code Ann. § 39-3-404(a), (b), which contained labeled subsections . . . . would be the form of the statute under which Mr. Bailey was convicted").)

In a reported decision from 2006, the Sixth Circuit quoted the 1982 version of Tennessee's third-degree burglary statute, Tenn. Code. Ann. § 39-3-404—the same version under which Petitioner was previously convicted in 1987 and 1989: "<u>Burglary in the third degree is the breaking and entering into a business house, outhouse, or any other house of another, other than dwelling house, with the intent to commit a felony.</u>" *Caruthers*, 458 F.3d at 475 n.8 (emphasis added) (quoting Tenn. Code Ann. § 39-3-404(a)(1) (1982)); *see also United States v. Morrison*, No. 2:15CR00003, 2017 WL 3386305, at *3 (W.D. Va. Aug. 7, 2017) ("Burglary in the third degree [in Tennessee] is the breaking and entering into a business house, outhouse, or any other house of another, other than a dwelling house, with the intent to commit a felony." (alteration added) (quoting "Tenn. Code Ann. § 39-3-404(a)(1) (1982 Repl. Vol.)")).

C. *Analyzing Bailey's Convictions in Light of* Cradler

Under the Supreme Court's and the Sixth Circuit's framework for analyzing whether a Tennessee third-degree burglary conviction qualified as a violent felony under the ACCA, the

9

Court must "(1) determin[e] which statutory elements should be compared to the generic definition; and (2) determin[e] the full range of conduct encompassed by those statutory elements." *Cradler*, 891 F.3d at 667; *see Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016); *Descamps v. United States*, 570 U.S. 254, 257–58 (2013); *Johnson v. United States*, 559 U.S. 133, 138 (2010); *Taylor v. United States*, 495 U.S. 575, 599–600, 602 (1990). In *Cradler*, the Sixth Circuit found that the defendant "was clearly convicted based on the set of elements contained in the first paragraph of § 39-904," as his indictment, which "makes no mention of a vault, safe or other secure place," "charged [him] with 'burglary in the 3rd degree' for breaking and entering into a junior high school with the intent to steal the school's goods and chattels." *Id.* at 669; *see supra* pp. 8–9.

Regarding Petitioner's 1987 conviction, the *Shepard* documents indicate that a grand jury charged Bailey with one count of "burglary in the third degree by unlawfully, feloniously and burglariously breaking into and entering the business house of Keith Buchanan in the night time with intent unlawfully, feloniously, and burglariously to take, steal, and carry away the personal property therein contained and did feloniously and burglariously take, steal, and carry away the goods and chattels of Keith Buchanan." (D.E. 13-1 at PageID 92; *see* D.E. 13-1 at PageID 94–97 (indicating that Bailey entered a guilty plea to the third-degree burglary charge).) As for the inmate's 1989 conviction, the indictment asserted that the inmate "unlawfully, willfully, and feloniously did break and enter into the business house of the City of Stanton, with the intent to commit a felony; larceny; to wit: with the intent and for the purpose of the unlawful and felonious taking, stealing, and carrying away of the goods and property, contained in said business house, and belonging to the City of Stanton, contrary to the Statute, and against the

10

peace and dignity of the State of Tennessee." (D.E. 13-1 at PageID 100, 104; *see* D.E. 13-1 at PageID 106–10 (reflecting that Petitioner entered a plea to the third-degree burglary charge).)

Under the pre-1989 version of § 39-3-404, subsections (a) and (b) constitute two separate types of third-degree burglary convictions: the building provision and the safecracking provision, respectively. *Lowe*, 2017 WL 1366916, at *2 (citing *Hill*, 2016 WL 6892764 ("holding that burglary-of-a-building and safecracking are distinct crimes and, as a result, that Tennessee's pre-1989 third-degree burglary statute is divisible under *Mathis v. United States*, 136 S. Ct. 2243, 2249 (2016)"), *appeal remanded*, No. 16-6764 (6th Cir. Jun. 8, 2018) (remanding in light of *Cradler*)).

*Cradler* dictates the outcome in this matter. 891 F.3d at 669 (concluding that the defendant was clearly convicted based on the first paragraph of § 39-904, which corresponds to subsection (a) of the pre-1989 version of the same statute, because the indictment "ma[de] no mention of a vault, safe or other secure place"). Here, both of Bailey's indictments fail to mention any vault, safe, or other secure place, and both involve breaking and entering, with the intent to take, steal, and carry away property. (D.E. 13-1 at PageID 92, 100, 104.) Accordingly, under the framework for analyzing ACCA predicate offenses, the inmate's convictions should be analyzed under Tenn. Code Ann. § 39-3-404(a)(1) (1982) (the building provision), which includes the same relevant text as the first paragraph of Tenn. Code. Ann. § 39-904 (1973), the version of the statute on which the *Cradler* decision rested.

Likewise, the final step under the armed career criminal framework is clear under *Cradler*. 891 F.3d at 667. "[T]o determine the full range of conduct . . . encompassed by each statutory element. . . . courts must consult the pronouncements of the state's highest court to determine the full range of conduct that is encompassed by each statutory element." *Id.* at 669

11

(citing *Johnson v. United States*, 559 U.S. at 138). In *Cradler*, the court found that "the Tennessee Supreme Court case that is most helpful in determining the full range of conduct encompassed by § 39-904's first paragraph is *Fox v. State*, 214 Tenn. 694, 383 S.W.2d 25 (1964)," as well as the case "on which *Fox*'s holding is based[,] *Page v. State*, 170 Tenn. 586, 98 S.W.2d 98 (1936)." *Id.* The Circuit then determined that "*Fox*'s holding, like *Page*'s before it, stands for the proposition that, although the first paragraph of § 39-904 criminalizes 'the breaking and entering *into* a business house,' this paragraph should be interpreted to also encompass conduct committed by someone already lawfully inside the business house." *Id.* at 670 (emphasis in original). Accordingly, the Sixth Circuit determined that because "§ 39-904's first paragraph criminalizes more conduct than generic burglary and, consequently, does not qualify as the enumerated offense of 'burglary' . . . . it is not a violent felony for ACCA purposes." *Id.* at 670–71.

Here, because subsection (a)(1) of the pre-1989 statute contains the same text as the first paragraph of § 39-904, the same analysis and conclusion from *Cradler* applies. *See id.* at 668; *Caruthers*, 458 F.3d at 475 n.8. Therefore, *Cradler*'s holding that a conviction under the first paragraph of § 39-904 (1973) does not qualify as a violent felony under the ACCA likewise applies to Bailey's two convictions under Tenn. Code Ann. § 39-3-404(a)(1) (1982), thus leaving him with only two predicate offenses under the ACCA. *Id.* at 671; *see supra* pp. 4–5.

### IV. CONCLUSION

In light of the foregoing, the Petition is GRANTED. (D.E. 1; *see* D.E. 8.) Further, the Clerk is DIRECTED to enter an order of production and to set a resentencing hearing in case number 1:13-cr-10061-JDB-1. *See supra* p. 1 n.1.

IT IS SO ORDERED this 12th day of September 2018.

              <u>s/ J. DANIEL BREEN</u>
              UNITED STATES DISTRICT JUDGE